IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

v.                                                                CIV 05-1150 JP/WPL
                                                                  CR 95-0229 JP

ANTHONY GAULT,

        Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me to determine whether Anthony Gault has demonstrated good cause or excusable neglect for failing to file his notice of appeal on time. For the reasons that follow, I find that Gault has demonstrated either good cause or excusable neglect. I therefore recommend that Gault be granted an extension of time to file the notice of appeal. Alternatively, I conclude that his notice of appeal should be deemed timely pursuant to the "prison mailbox rule."

### PROCEDURAL BACKGROUND

On December 6, 2005, this Court entered an order denying Gault's motion for reduction of sentence. (Doc. 3.)[1] To appeal this order, Gault was required to file a notice of appeal no later than December 20, 2005. (Doc. 9.) Gault's notice of appeal was post-marked in Santa Barbara, California on December 20, 2005, but was not filed in this Court until December 27, 2005. (Doc. 4.)[2] Because the notice was filed after the ten-day filing deadline, but within the thirty-day period

---

[1] All document number references are to CV 05-1150.

[2] The envelope that contained the notice of appeal is attached to the notice of appeal in this Court's file, which has been forwarded to the Court of Appeals. This Court retains a copy of the envelope.

during which this Court may grant an extension of time, the Court of Appeals partially remanded the matter for a determination of whether Gault's failure to timely file the notice was based on excusable neglect or good cause. (Doc. 9.) Accordingly, I ordered Gault to provide a written statement, setting forth an explanation as to why the notice of appeal was late, and allowed the USA an opportunity to respond to Gault's statement. (Doc. 10.)

In compliance with my order, Gault has provided the Court with a statement, declaring:

(1) I had filed a 'Notice of Appeal' in the abovementioned matter with this Court, on or about December 16, 2005.

(2) I had filed the said 'Notice of Appeal' by first-class mail (prepaid stamp) and deposited the envelope in the mail-box at the Lompoc Federal Prison Camp. The mail-box is the proper channel for outgoing mail in the 'prison legal mail system.'

(Doc. 11.) Beneath these declarations is the following: "I declare under penalty of perjury that the above to be [sic] a true and correct declaration, to the best of my knowledge and belief." *Id.* The USA has not filed a response.

## EXTENSION OF TIME

A court may extend the time for filing a notice of appeal upon a finding of excusable neglect or good cause. FED. R. APP. P. 4(b)(4). "Excusable neglect" and "good cause" are "not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4(a)(5) advisory committee's note (2002 amendments). The excusable neglect standard applies when there is fault, *i.e.*, when the need for an extension is caused by something within the appellant's control. *Id.* The good cause standard applies when there is no fault, *i.e.*, when the need for an extension is caused by something not within the appellant's control. *Id.*; *see also United States v. Torres*, 372 F.3d 1159, 1161 n.1 (10th Cir. 2004).

*Good Cause*

According to his statement, Gault put his notice of appeal into the prison mailbox four days before it was due. (Doc. 11.) The envelope was properly addressed and stamped. (Doc. 4.) Being a prisoner, Gault did not have the ability to place his notice directly in the hands of the United States Postal Service, to file his notice in person, or to take the steps that other litigants can take to monitor the processing of their notices of appeal. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Because the need for an extension resulted from factors that were out of Gault's control, I find that good cause exists for granting the extension. *See Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986) (finding good cause when an attorney mailed the notice of appeal five days, including a weekend, before it was due and the courthouse was in the same city).

*Excusable Neglect*

To determine whether an appellant has established excusable neglect, a court must consider all the relevant circumstances and the following four factors in particular: 1) the danger of unfair prejudice to the moving party; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the appellant; and 4) whether the appellant acted in good faith. *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004). Of these factors, the most important is the reason for the delay. *Torres*, 372 F.3d at 1163.

In this case, the USA has not opposed the extension after being given an opportunity to do so. It does not appear that the extension would unfairly prejudice the USA. Gault's notice of appeal was only seven days late. *See id.* at 1162-63 (finding that this factor weighed in the appellant's favor when the notice was filed eighteen days after entry of judgment). There is no indication of bad faith. *See id.* at 1163. The delay that occurred after the notice was placed in the prison mailbox was not

within Gault's control. *See United States v. Twomey*, 845 F.2d 1132, 1133-34 (1st Cir. 1988) (finding excusable neglect when an attorney mailed the notice of appeal five days before the deadline and the courthouse was in the same city). The only delay that could be attributed to him is the period between his receipt of the order and the depositing of the notice of appeal in the prison mailbox. Given that the order was entered on December 6, that Gault is imprisoned in California, that he is pro se, and that he deposited the notice of appeal in the prison mailbox on December 16, there appears to be a reasonable basis for the delay. Accordingly, I find that the extension could be granted on the basis of excusable neglect.

### PRISON MAILBOX RULE

Pursuant to the prison mailbox rule, a prisoner's notice of appeal is timely if it was deposited in the institutional mail system on or before the last day for filing. FED. R. APP. P. 4(c). To establish the applicability of the prison mailbox rule, a prisoner must prove that he used the prison's legal mail system if a satisfactory system is available. If a legal mail system is not available, the prisoner must submit either a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, setting forth the date of depositing with prison officials and attesting that first-class postage was prepaid. *Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005). Although the Court of Appeals' remand order did not expressly direct this Court to consider the applicability of the prison mailbox rule, I find that Gault's statement satisfies the rule's requirements.

The statement is in substantially the same form as the one prescribed by 28 U.S.C. § 1746. *See Cobell v. Norton*, 391 F.3d 251, 260 (D.C. Cir. 2004) (holding that declaration containing the disclaimer "to the best of [declarant's] knowledge, information and belief" is sufficient); *United States v. Roberts*, 308 F.3d 1146, 1155 (11th Cir. 2002) (same). It declares that Gault put the notice of

appeal in the prison mailbox on December 16, 2005, before the day it was due, with a first-class, prepaid stamp. It further declares that the prison mailbox is the proper channel for legal mail. (Doc. 11.) Accordingly, I conclude that the notice of appeal should be deemed timely pursuant to the prison mailbox rule.

### RECOMMENDATION

I recommend that the Court find that Gault demonstrated either good cause or excusable neglect and that the Court grant him an extension of time to file his notice of appeal. Alternatively, I recommend that the notice of appeal be deemed timely pursuant to the prison mailbox rule.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE